IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TERRY L. WILLIAMS     PLAINTIFF

vs.     Civil No. 2:07-cv-2085

MICHAEL J. ASTRUE,     DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Terry Williams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Act. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jim Larry Hendren referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends that the ALJ's determination be **REVERSED AND REMANDED.**

1. **Background:**

Plaintiff protectively filed her application for DIB and SSI on March 9, 2005. (Tr.13, 75).[1] In this application and in supporting documents filed with the SSA, Plaintiff alleged he was disabled due to mood disorders and pain in his chest area from gunshot wounds. (Tr. 81, 95). In this

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

application, Plaintiff alleged an onset date of February 18, 2005. (Tr. 77). Plaintiff's DIB and SSI applications were denied initially and on reconsideration. (Tr. 35-38, 41-43, 422-429).

On November 1, 2005, Plaintiff requested a hearing on his application. (Tr. 32). This hearing was held on November 17, 2006. (Tr. 429-486). Plaintiff was present and was represented by attorney Iva Nell Gibbons, at this hearing. Also testifying was Vocational Expert (VE), Dale Thomas.

On February 23, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 13-19). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2009. (Tr. 15, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity (SGA) since February 18, 2005, his alleged onset date. (Tr. 15, Finding 2). The ALJ determined the Plaintiff suffered from the severe impairments of a mood disorder and a gun shot wound. (Tr. 15, Finding 3). The ALJ also determined however, Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 (Listings). (Tr. 15-16, Finding 4).

The ALJ also indicated she evaluated Plaintiff's subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. (Tr. 16). The ALJ discounted Plaintiff's subjective complaints of disabling pain and other symptoms and found them not credible. (Tr. 16).

The ALJ then determined Plaintiff's Residual Functional Capacity (RFC). (Tr. 16-17, Finding 5). Specifically, the ALJ determined Plaintiff's RFC to be as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to maintain employment at the level of

lifting and carrying a maximum of 20 pounds occasionally and 10 pounds frequently; stand and walk for about 6 hours in an 8-hour workday; and sit for about 6 hours in an 8-hour workday. The claimant is limited in his non-dominate [sic] left hand because he will occasionally drop items. In addition, the claimant is limited to unskilled work as a result of his mood disorder.

(Tr. 16, Finding 5). The ALJ then determined Plaintiff was unable to perform his Past Relevant Work (PRW), but was able to perform work existing in significant numbers in the national economy. (Tr. 17-18, Findings 6, 10). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 434-454, 479-486). The VE testified that a hypothetical person with Plaintiff's RFC could not return to Plaintiff's PRW. (Tr. 479).

However, the VE then testified that a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 479-486). For example, the VE testified that such a hypothetical person could perform work as a cashier (light, unskilled work) (9,000 such jobs in the State of Arkansas and 903,000 in the nation). (Tr. 18, finding 10). The ALJ went on to find Plaintiff was not under a disability from his alleged onset date through the date of the decision. (Tr. 19, Finding 11).

On March 7, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 9). The Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On August 20, 2007, Plaintiff filed the present action. (Doc. No. 1). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)
4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

The Plaintiff appealed the decision of the Commissioner finding him not disabled. The Plaintiff argues the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly applied the factors of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984); the ALJ failed to properly develop the record; and the ALJ erred in the RFC determination. The Defendant argues the ALJ properly applied the factors of *Polaski*; substantial evidence supports the ALJ's RFC decision; and the ALJ properly determined Plaintiff could perform other work existing in significant numbers in the national economy.

#### Credibility of Plaintiff's Subjective Complaints of Pain

The Plaintiff claims the ALJ erred in the determination that Plaintiff's subjective complaints of pain were not fully credibility. The Plaintiff asserts the ALJ failed to perform a proper *Polaski* evaluation. The Defendant argues there is substantial evidence in the record to support the ALJ's credibility determination.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

5

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) **or** from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaints, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ's decision in the present action is not supported by substantial evidence. Specifically, the ALJ failed to analyze and to evaluate the Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). *See Cline v. Sullivan,* 939 F.2d 560, 569 (8th Cir. 1991).

As noted above, the ALJ indicated she evaluated Plaintiff's subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. (Tr. 18-19). Although the ALJ did discuss some of the Plaintiff's daily activities, all the ALJ mentioned was that Plaintiff did grocery shopping twice a week and took care of his nine-year-old son. There was no analysis or discussion of the remaining credibility factors under either *Polaski* or 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.

The record indicates Plaintiff took several different types of prescription medication for depression, anxiety, and pain. (Tr.109, 111, 128, 166-180, 337, 407, 411, 418). The Plaintiff also testified to prescription medication he used and side effects from the medicines. (Tr. 458-463). The ALJ did not discuss the Plaintiff's use of these medications or their side effects.

Because the ALJ did not properly examine the five *Polaski* factors or the factors set out in 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, this case should be reversed and remanded for a full *Polaski* analysis. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be performed.[3]

---

[3]Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

**4. Conclusion:**

Based upon the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence. It is recommended that this case be reversed and remanded.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **20th day of August, 2008.**

                                             /s/ Barry A. Bryant
                                             HON. BARRY A. BRYANT
                                             U.S. MAGISTRATE JUDGE