IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


TERRY L. WILLIAMS                                                           PLAINTIFF


vs.                              Civil No. 2:07-cv-02085

MICHAEL J. ASTRUE                                                          DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before this Court is Plaintiff's Motion for Attorney's Fees under the EAJA.

(Doc. No. 11).[1]  Defendant has responded to this Application and has no objections.  (Doc. No. 13).

This matter is ready for decision.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable  Jimm

Larry Hendren referred this motion to the Honorable Barry A. Bryant for the purpose of making a

report and recommendation.   This Court, having reviewed this application and response,

recommends that this application for attorney's fees be **GRANTED**.

**1. Background:**

On August 20, 2007, Terry L. Williams ("Plaintiff") appealed to this Court from the

Secretary of the Social Security Administration's ("SSA") denial of his request for Supplemental

Security Income ("SSI") and Disability Insurance Benefits ("DIB").  (Doc. No. 1).  On September

18, 2008, the Honorable Jimm Larry Hendren reversed and remanded Plaintiff's case to the ALJ

pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. No. 10).  On December 17, 2008, Plaintiff

applied for an award of fees under the EAJA.  (Doc. No. 11).  Plaintiff has requested a total award

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

of $5,733.99, representing 36.60 attorney hours at an hourly rate of $156.00, plus expenses of

$24.39.  *See id.*  Defendant responded to this application on December 19, 2008 and has no

objections.  (Doc. No. 13).

2. <u>**Applicable Law:**</u>

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a

prevailing social security claimant unless the Secretary's position in denying benefits was

substantially justified.  The Secretary has the burden of proving that the denial of benefits was

substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary

bears the burden of proving that its position in the administrative and judicial proceedings below was

substantially justified").  An EAJA application also must be made within thirty days of a final

judgment in an action,  *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time

for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion

of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42

U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was

specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535

U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme

Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42

U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. §
> 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of
> the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b),
> so that the [amount of total past-due benefits the claimant actually receives] will be
> increased by the . . . EAJA award up to the point the claimant receives 100 percent
> of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index (CPI). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. (Doc. No. 10). Defendant does not contest Plaintiff's claim that he is the prevailing party, does not oppose this application for fees under the EAJA, does not object to the hourly rate requested, and does not dispute the number of hours expended by counsel. (Doc. No. 13). The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests an award under the EAJA at a rate of $156.00 per hour for the 36.60 hours of work which Plaintiff's attorney asserts were devoted to the representation of Plaintiff in this Court. (Doc. No. 11). This hourly rate is authorized by the EAJA if a CPI is attached. *See Johnson,* 919 F.2d at 504. Plaintiff has attached a CPI to his application for fees, and this Court finds that $156.00 is an appropriate hourly rate for the award of attorney's fees in this case. (Doc. No. 11).

Further, I have reviewed Plaintiff's attorney's itemization of time appended to this application. (Doc. No. 11).  The Court notes that Defendant has not objected to the number of hours for which Plaintiff seeks a fee award, and this Court finds the time asserted to be spent in the representation of Plaintiff before the district court is reasonable.  Thus, this Court finds  Plaintiff's attorney is entitled to compensation under the EAJA in the amount of $5,733.99, which is a total of 36.60 hours at a rate of $156.00 per hour, plus expenses of $24.39.

**4. Conclusion:**

Based upon the forgoing, I recommend that **$5,733.99** be awarded pursuant to the EAJA, 28 U.S.C. § 2412. This total represents a fee of $156.00 per hour for 36.60 hours of work, plus expenses of $24.39.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 22nd day of December, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE